UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

ODONELL JUMPP,

        Petitioner,

-against-

UNITED STATES OF AMERICA,

        Respondent.
---------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-2346 (ENV)

VITALIANO, D.J.

On May 14, 2010, *pro se* petitioner Odonell Jumpp filed the instant motion arguing that he should be immediately deported pursuant to 8 U.S.C. § 1252(h)(2)(A). On September 17, 2008, petitioner entered a guilty plea to knowingly importing a controlled substance containing cocaine into the United States. On July 27, 2009, petitioner was sentenced to 30 months followed by three years of supervised release. See USA v. Jumpp, 08-CR-0487 (NG). For the reasons set forth below, the instant motion is denied.

### DISCUSSION

Petitioner brings this motion pursuant to 8 U.S.C. § 1252(h)(2)(a)[1] for immediate deportation, alleging that he is eligible for such relief because he pled guilty to a non-violent offense. The Attorney General "is authorized to remove an alien . . . before the alien has completed a sentence of imprisonment . . . if the Attorney General determines that (i) the alien is

---

[1] Section 1252(h)(2)(a) was amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and is codified as 8 U.S.C. § 1231(a)(4).

confined pursuant to a final conviction for a nonviolent offense ... and (ii) removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B). Therefore, it is the Attorney General and not this Court who has the authority to grant petitioner the relief he seeks. Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997).

Moreover, petitioner has no private right of action to compel the Attorney General to exercise his discretion to deport him from the United States before he completes his sentence. See 8 U.S.C. § 1231(a)(4)(D); Thye, 109 F.3d at 128; Yepes v. United States, No. 09 CV 5381, 2009 WL 4891773, at *1 (E.D.N.Y. Dec. 16, 2009); Lynch v. United States, No. 07 CR 829, 2009 WL 2045382, at *1 (E.D.N.Y. July 8, 2009); Gil v. United States, No. 07 CV 3166, 2007 WL 2293442, at *1 (E.D.N.Y. Aug. 9, 2007).

## CONCLUSION

Accordingly, petitioner's motion seeking immediate deportation is denied. The Clerk is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920-21 (1962).

**SO ORDERED.**

Dated: Brooklyn, NY
June 1, 2010

ERIC N. VITALIANO
United States District Judge